NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICKY MILLER, | Hon. Dennis M. Cavanaugh |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 08-cv-3335 (DMC) (JAD) |
| GEORGE HAYMAN, et al., | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Defendants' Orlando and McCarthys' Third Motion for Partial Summary Judgment. Pursuant to FED. R. CIV. P. 78 no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendant's Motion for Summary Judgment is **granted**.

I. BACKGROUND

The facts are well known to the parties and the Court need not recite them here. For a further recitation of the facts see this Court's previous opinions. (See Opinion and Order, Nov. 30, 2012, ECF No. 193 and 194). Defendants filed a Brief in Support of Third Motion for Partial Summary Judgment. (Defs. Br., Dec. 4, 2012, ECF No. 196). Plaintiff filed an opposition Brief on January 7, 2013. (Pls. Br., Jan. 7, 2013, ECF No. 205).

## II. STANDARD OF REVIEW

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the nonmoving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing that there is no genuine issue of fact. Id. "The burden has two distinct components: an initial burden of production, which shifts to the non moving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." Id. The nonmoving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. See FED. R. CIV. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "In determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences - including issues of credibility - in favor of the nonmoving party." Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000), aff'd, 51 Fed. App'x 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

## III. DISCUSSION

Defendants argue that Plaintiff's tort claims are barred because he failed to file a notice of claim within ninety (90) days of the alleged incident, as required by the New Jersey Tort Claims Act ("The Act"). The statute provides:

> No action shall be brought against the public entity under this Act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter.

N.J. STAT. ANN. §59:8-3 (West 2013).

> A claim relating to a cause of action for a death or for injury to a person or to property shall be presented as provided in this chapter no later than the ninetieth day after accrual of the cause of action. After the expiration of six months from the date notice of claim is received, the claimant may file suit in an appropriate court of law. The claimant shall be forever barred from recovering against the public entity if: (a) he failed to file his claim with the public entity within ninety days of his claim except as otherwise provided in section 59:8-9; or (b) two years have elapsed since the accrual of the claim . . . .

N.J. STAT. ANN. §59:8-3 (West 2013). This provision of the Act requires a notice of claim to be filed with the State within 90 days of the accrual of a cause of action, and in no event later than two years after the accrual of the claim. Failure to satisfy the time requirement of the Chapter 8, Section 8, constitutes an absolute bar to recovery against the public entity. Karczewski v. Nowicki, 427 A.2d 837, 838 (N.J. Super. Ct. App. Div. 1986).

The alleged altercation at issue took place on December 4, 2006. Plaintiff filed his complaint on July 3, 2008. Plaintiff's filing of a complaint is not in compliance with the notice requirements. Guzman v. City of Perth Amboy, 518 A.2d 758, 760 (N.J. Super. Ct. App. Div. 1986).

Plaintiff argues he should be excused for his late filing, but the Court is not persuaded by the case cited. In Eagan v. Boyarsky, 731 A.2d 28, 34 (1999), the Court permitted an exception to the notice requirement as the plaintiff did not know and had no reason to believe that the defendant was a public employee subject to the Act. The facts are inapposite to the case at bar. As Plaintiff failed to file a timely notice for his claim, his tort claims must be dismissed.

## IV. CONCLUSION

For the reasons stated above, it is the finding of this Court that Defendants' Third Motion for Partial Summary Judgment is **granted**. An appropriate Order accompanies this Opinion.

_____
Dennis M. Cavanaugh, U.S.D.J.

Original:   Clerk's Office
cc:         Hon. Joseph A. Dickson, U.S.M.J.
            All Counsel of Record
            File