UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICKY MILLER,<br><br>                     Plaintiff,<br><br>          v.<br><br>NEW JERSEY DEPARTMENT OF<br>CORRECTIONS, et al.,<br><br>                     Defendants. | **Civil Action No. 08-3335 (SRC)**<br><br>**OPINION & ORDER** |

**CHESLER**, District Judge

This matter comes before the Court upon Plaintiff Ricky Miller's motion for reconsideration of the of the Court's Order of July 25, 2018 insofar as that Order granted Defendants' motion to preclude the testimony of Plaintiff's expert witness Dr. James McMenamin [ECF 326]. The motion was struck by the Court as improperly filed because Plaintiff, who is represented by Court-assigned pro bono counsel, submitted his motion papers pro se and without the signature of counsel of record [ECF 327]. Immediately thereafter, counsel of record for Plaintiff submitted a letter to the Court endorsing the motion submitted by Plaintiff and requesting that it be reinstated [ECF 328]. Defendants have opposed the motion, and in so doing, have pointed out that the motion for reconsideration is untimely under Local Civil Rule 7.1(i), which requires that a motion for reconsideration be filed within 14 days of entry of the order at issue. Indeed, the papers submitted by Mr. Miller were received by the Court on August 17, 2018, over three weeks after the July 25, 2018 Order at issue was entered on the docket. Nevertheless, in the interests of justice, the Court will order the motion for reconsideration reinstated to the docket and will proceed to consider Plaintiff's argument.

Plaintiff raises a single basis for arguing that reconsideration is warranted: he maintains that the Court erred in precluding his expert's testimony without first holding a Daubert hearing to explore the methodology Dr. McMenamin utilized to form his opinion. Counsel for Plaintiff argues that, where there are questions about the reliability of an expert's methodology, Third Circuit jurisprudence encourages a district court to hold Daubert hearings to permit a "fuller assessment of [the expert's] analytical processes." Elcock v. Kmart Corp., 233 F.3d 734, 745 (3d Cir. 2000). However, the implied corollary to this guidance is that when a hearing would shed no greater light on an expert's methods, or provide any meaningful information that would alter a court's assessment of the reliability (or lack thereof) of the methods, then the hearing is not a "necessary predicate for a proper determination as to the reliability of [the expert's] methods." Cf. id. (holding that a hearing was required for a proper determination of the admissibility of the expert's testimony because the record raised "significant reliability questions" that could be explored at a hearing).

In this case, Plaintiff has not provided any indication, in either the instant motion for reconsideration or in his opposition to the original motion to preclude Dr. McMenamin's testimony, that a hearing might illuminate the Court's evaluation of the expert's methodology. In its July 25, 2018 Opinion on the underlying motion, the Court observed that the expert report failed to explain the basis for Dr. McMenamin's opinion. As it further observed, during Dr. McMenamin's deposition, the report and its stated grounds for his opinion were explored, and still, Dr. McMenamin's testimony failed to provide a reliable methodology for the opinion offered. As the Court has held, both the expert's report and his deposition testimony are woefully deficient in grounding Dr. McMenamin's opinion on a reliable methodology. Plaintiff has had

2

ample opportunity to amplify the basis for his expert's opinion and explain the method in which it was formed. Nothing in the record indicates that further exploration of the opinion would supply the Court with information required to make a full assessment of the reliability of the expert's methods. In short, Plaintiff has not demonstrated that a Daubert hearing is warranted.

As such, Plaintiff's motion for reconsideration must be denied. Plaintiff has not demonstrated that the Court committed a clear error of law or fact in precluding Dr. McMenamin's testimony without first conducting a hearing. The party seeking reconsideration must identify dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision. L.Civ.R. 7.1(i); Bryan v. Shah, 351 F.Supp.2d 295, 297 n. 2 (D.N.J. 2005) (citing Bowers v. Nat'l Collegiate Athletic Assoc., 130 F.Supp.2d 610, 612 (D.N.J. 2001)). A court may not grant a motion for reconsideration unless the moving party shows one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Banda v. Burlington County, 263 F. App'x 182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). A party's "mere disagreement" with the Court's decision does not warrant reconsideration. Yurecko v. Port Auth. Trans. Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003). The moving party bears a heavy burden that cannot be met through "recapitulation of the cases and arguments considered by the court before rendering its original decision." G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting Carteret Savings Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J.1989)). For the reasons set forth above, Plaintiff has not met this burden.

Accordingly, **IT IS** on this 29th day of August, 2018,

**ORDERED** that Plaintiff's motion for reconsideration [ECF 326] shall be reinstated to the docket; and it is further

**ORDERED** Plaintiff's motion for reconsideration [ECF 326], seeking reconsideration of the Court's Order of July 25, 2018 insofar as it granted Defendants' motion to preclude the testimony of Plaintiff's expert witness Dr. James McMenamin, be and hereby is **DENIED**.

>     s/ Stanley R. Chesler
> STANLEY R. CHESLER
> United States District Judge